**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHEILA MOTT, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0451-X-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Kristin A. Langwell, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's November 16, 2018 Order in *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-M-1, in which the administrative judge mitigated the appellant's removal to a demotion to a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

nonsupervisory GS-07 position. *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-M-1, Remand File (RF), Tab 29, Remand Initial Decision (RID). On March 16, 2021, the administrative judge issued a compliance initial decision finding the agency not in compliance with the Board's November 16, 2018 Order. *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On February 10, 2014, the appellant appealed her removal from the position of GS-09 Supervisory Program Specialist. *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-I-1, Initial Appeal File (IAF), Tab 1. On April 15, 2016, the administrative judge issued an initial decision mitigating the appellant's removal to a demotion to a nonsupervisory GS-05 position. IAF, Tab 45, Initial Decision. On May 20, 2016, the appellant filed a petition for administrative review of the initial decision with the Board, and on September 16, 2016, the Board issued a final order denying the petition for review and affirming the initial decision. *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-I-1, Final Order (Sept. 16, 2016); Petition for Review File, Tabs 1-4, 10.

On November 16, 2016, the appellant filed a petition for review of the Board's September 16, 2016 Final Order with the U.S. Court of Appeals for the Federal Circuit, and on January 26, 2018, the court issued a decision affirming the Board's decision in part and reversing it in part. *Mott v. Department of Veterans Affairs*, 723 F. App'x 979, 984-85 (Fed. Cir. 2018). The court found that the Board abused its discretion in sustaining one of the agency's charges and thus remanded the matter so the Board could consider whether a new penalty should apply in the absence of that charge. *Id.* at 983-85.

On remand, the administrative judge issued a November 16, 2018 remand initial decision finding that, in light of the Federal Circuit's reversal of one of the charges, the new maximum reasonable penalty was mitigation to a nonsupervisory GS-07 position. RID at 5-6. The administrative judge ordered the agency to cancel the appellant's removal and substitute in its place a demotion to a position at the grade of GS-07 or higher within the appellant's commuting area. RID at 6-7. The administrative judge further ordered the agency to provide the appellant the appropriate amount of back pay with interest and benefits. *Id*. The remand initial decision became the final decision of the Board on December 1, 2018, after neither party petitioned the full Board for review. RID at 8-9.

On February 17, 2021, the appellant filed a petition for enforcement of the Board's November 16, 2018 Order, alleging that the agency had not yet paid her appropriate back pay or sent her any proof of compliance. CF, Tab 1 at 4-12. On March 5, 2021, the agency responded to the petition for enforcement, stating that it had not yet been able to obtain complete information from the Defense Finance and Accounting Service (DFAS) regarding any payments made to the appellant. CF, Tab 3 at 4-5. The agency included in its response evidence that the appellant had been paid on two separate occasions in the sums of $33,820.52 and $5,757.84 but could not explain whether these sums represented all of the back pay, benefits, and interest owed to the appellant. *Id*.

On March 16, 2021, the administrative judge issued a compliance initial decision granting the petition for enforcement. CID. The administrative judge found that the agency was not in compliance because it had not yet demonstrated that it had paid the appellant the required back pay, benefits, or interest. CID at 4-5. The administrative judge therefore ordered the agency to pay the appellant all back pay, benefits, and interest owed. CID at 5-6. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the

appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Mott v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-14-0451-X-1, Compliance Referral File (CRF), Tab 1.

On May 5, 2021, the agency filed a new submission on compliance with the Board. CRF, Tab 2. The agency stated in the pleading that it had paid the appellant what it believed was the correct amount of back pay and interest, but it was still discussing the matter further with the appellant to determine whether compliance had been reached. *Id*. at 4-5. The agency included with its submission evidence that the back pay funds had been paid to the appellant. *Id*. at 8-14.

On May 12, 2021, the agency filed an additional submission on compliance. CRF, Tab 3. In the second submission, the agency averred that the parties were in agreement that the agency had paid the appellant the correct amount of back pay and interest and included with this submission calculations of the payments made to the appellant. *Id*. at 4, 7-16. The agency also stated, however, that the parties were still working to restore all leave owed to the appellant. *Id*. at 4.

On September 2, 2021, the agency submitted its final declaration on compliance. CRF, Tab 4. In the final submission, the agency included evidence demonstrating that the agency had finally restored all leave owed to the appellant. *Id*. at 18-21. The agency also included statements from the appellant's representative indicating that the appellant agreed that the agency had reached full compliance. *Id*. at 21.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the

burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance."  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

As a threshold matter, we note that, while the appellant did not file her petition for enforcement until more than 2 years after the November 2018 Order, we find the petition for enforcement to be timely filed.  The Board's 30-day deadline to file a petition for enforcement does not begin to run until after the agency has provided the appellant written notice of compliance.  *Shamblen v. U.S. Postal Service*, 54 M.S.P.R. 55, 57-58 (1992).  Because there was no dispute that, as of the time of the filing of the petition for enforcement, the agency had not yet provided the appellant with the requisite written notice of compliance, the appellant's petition for enforcement was timely.  CID at 3.

The agency's outstanding compliance issue was its obligation to pay the appellant all back pay, benefits, and interest owed to her.  The agency's combined submissions show that the agency has now reached full compliance.  The agency has demonstrated that it paid all back pay and interest owed to the appellant, and provided detailed calculations of the payments.  CRF, Tab 2 at 8-14, Tab 3 at 7-16.  The agency has further shown that it also restored all leave owed to the appellant. CRF, Tab 4 at 18-21.  Finally, the agency's submission reveals that the appellant agrees that the agency has reached full compliance.  *Id.* at 21.

Accordingly, in light of the agency's evidence of compliance and the appellant's statements of satisfaction, the Board finds the agency in compliance and dismisses the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

_____

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.